**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

<u>Southern</u> District of <u>Texas</u>

Case number (*If known*): _____ Chapter 15

◯ Check if this is an
amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding   12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | |
|---|---|
| 1. **Debtor's name** | BioSteel Manufacturing LLC |

**2. Debtor's unique identifier**

**For non-individual debtors:**

☒ Federal Employer Identification Number (EIN)   6  1  –  1  9  5  1  5  5  3

◯ Other _____ . Describe identifier _____ .

**For individual debtors:**

◯ Social Security number:   xxx – xx– ____ ____ ____ ____

◯ Individual Taxpayer Identification number (ITIN):  **9** xx – xx – ____ ____ ____ ____

◯ Other _____ . Describe identifier _____ .

**3. Name of foreign representative(s)**

BioSteel Sports Nutrition Inc.

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**

In the Matter of a Plan of Compromise or Arrangement of BioSteel Sports Nutrition Inc.

**5. Nature of the foreign proceeding**

*Check one:*

☒ Foreign main proceeding
◯ Foreign nonmain proceeding
◯ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☒ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

◯ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☒ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
Board Resolutions Appointing Foreign Representative

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

◯ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☒ Yes

Debtor   BioSteel Manufacturing LLC
         Name                                              Case number *(if known)*_____

| | |
|---|---|

**8. Others entitled to notice**   Attach a list containing the names and addresses of:

(i)   all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)   all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii)   all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9. Addresses**

**Country where the debtor has the center of its main interests:**

Canada

**Debtor's registered office:**

1209 Orange Street
Number          Street

_____
P.O. Box

Wilmington   Delaware          19801
City           State/Province/Region    ZIP/Postal Code

USA
Country

**Individual debtor's habitual residence:**

_____
Number          Street

_____
P.O. Box

_____
City           State/Province/Region    ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

87 Wingold Avenue, Unit 1
Number          Street

_____
P.O. Box

Toronto,          Ontario          M6B 1P8
City           State/Province/Region    ZIP/Postal Code

Canada
Country

**10. Debtor's website** (URL)   https://biosteel.com

**11. Type of debtor**

*Check one:*

☒ Non-individual (*check one*):

☒ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

☐ Partnership

☐ Other.  Specify: _____

☐ Individual

Debtor   BioSteel Manufacturing LLC _____    Case number *(if known)*_____
         Name

| | | |
|---|---|---|
| **12. Why is venue proper in *this district*?** | *Check one:* | |

◻ Debtor's principal place of business or principal assets in the United States are in this district.

◻ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____.

☒ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:
The chapter 15 case of an affiliate is pending in this jurisdiction. See Rider 1.

---

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

| /s/ Sarah S. Eskandari | Sarah S. Eskandari (authorized representative) |
|---|---|
| Signature of foreign representative | Printed name |

Executed on   11/17/2023
              MM / DD / YYYY

| | |
|---|---|
| Signature of foreign representative | Printed name |

Executed on   _____
              MM / DD / YYYY

---

**14. Signature of attorney**

| /s/ Marty L. Brimmage, Jr. | Date | 11/17/2023 |
|---|---|---|
| Signature of Attorney for foreign representative | | MM / DD / YYYY |

Marty L. Brimmage, Jr.
Printed name
Akin Gump Strauss Hauer & Feld LLP
Firm name
2300 N. Field Street, Suite 1800
Number        Street
Dallas                                          TX        75201
City                                           State      ZIP Code

(214) 969-2800                              mbrimmage@akingump.com
Contact phone                              Email address

00793386                                   TX
Bar number                                 State

**RIDER 1**

**Pending Chapter 15 Cases Filed by the Foreign Debtor and its Affiliates**

On September 17, 2023, the Foreign Representative filed a petition for BioSteel Sports Nutrition Inc. in the Bankruptcy Court for the Southern District of Texas for relief under chapter 15 of title 11 of the United States Code.  The chapter 15 case of BioSteel Sports Nutrition Inc. is being administered under case number 23-90777 (CML).

On the date hereof, the Foreign Representative filed petitions for BioSteel Manufacturing LLC and BioSteel Sports Nutrition USA LLC in the Bankruptcy Court for the Southern District of Texas for relief under chapter 15 of title 11 of the United States Code.

The Foreign Representative will move for joint administration of each of the chapter 15 cases listed below (collectively, the "Foreign Debtors") under the case number assigned to the chapter 15 case of BioSteel Sports Nutrition Inc.

1. BioSteel Sports Nutrition Inc.
2. BioSteel Manufacturing LLC
3. BioSteel Sports Nutrition USA LLC

## EXHIBIT A

**Certified Ancillary Relief Order**

Electronically issued / Délivré par voie électronique : 16-Nov-2023
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00706033-00CL



Court File No. CV-23-00706033-00CL

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

| | | |
|---|---|---|
| THE HONOURABLE | ) | THURSDAY, THE 16th |
| | ) | |
| JUSTICE CONWAY | ) | DAY OF NOVEMBER, 2023 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF BIOSTEEL SPORTS NUTRITION INC.

(the "**Applicant**")

**ORDER**
**(ANCILLARY RELIEF)**

**THIS MOTION**, made by BioSteel Sports Nutrition Inc. (the "**Applicant**") and BioSteel Manufacturing LLC and BioSteel Sports Nutrition USA LLC (collectively, the "**Additional Applicants**" and together with the Applicant, "**BioSteel**"), pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**") for an order, among other things, adding the Additional Applicants as Applicants in these CCAA proceedings, was heard this day by judicial videoconference via Zoom.

**ON READING** the Affidavit of Sarah S. Eskandari dated November 10, 2023 (the "**November 10 Eskandari Affidavit**") and the Second Report of the Monitor dated November 14, 2023, and such further materials as counsel may advise, and on hearing submissions of counsel for BioSteel, counsel for the Monitor and the other parties listed on the

Electronically issued / Délivré par voie électronique : 16-Nov-2023
Toronto Superior Court of Justice / Cour supérieure de justice                    **Court File No./N° du dossier du greffe :** CV-23-00706033-00CL

-2-

counsel slip, and no one else appearing for any other party on the Service List although duly

served as appears from the affidavit of service of Stephanie Fernandes sworn November 10,

2023.

**SERVICE**

1.      **THIS COURT ORDERS** that the time for service of the Notice of Motion and the Motion

Record is hereby abridged and validated and hereby dispenses with further service thereof.

**CAPITALIZED TERMS**

2.      **THIS COURT ORDERS** that, unless otherwise indicated or defined herein, capitalized

terms used in this order shall have the meanings given to them in the November 10 Eskandari

Affidavit and/or the Amended and Restated Initial Order made in these proceedings on September

21, 2023 (the "**ARIO**"), as applicable.

**ADDITION OF APPLICANTS**

3.      **THIS COURT ORDERS** that effective as of 12:01 a.m. (Toronto time) on the date of

this Order (the "**Effective Time**"), with respect to the Additional Applicants, the ARIO shall be

deemed to have been amended such that:

a)  the Additional Applicants shall for all purposes be deemed to be Applicants (as Applicant

    is defined in the ARIO) and, for greater certainty:

    (i)     the Additional Applicants are hereby granted all of the rights and protections

            afforded to the Applicant by the ARIO;

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

DATED AT TORONTO THIS  17  DAY OF  November  20 23
FAIT À TORONTO LE        JOUR DE

REGISTRAR

LA PRÉSENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE À TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVÉ DANS CE BUREAU

GREFFIER

Electronically issued / Délivré par voie électronique : 16-Nov-2023
Toronto Superior Court of Justice / Cour supérieure de justice
**Court File No./N° du dossier du greffe :** CV-23-00706033-00CL

-3-

(ii)   to the extent not already granted by the terms of the ARIO, the directors and officers of the Additional Applicants are hereby granted all of the rights and protections afforded to the directors and officers of the Applicant by the ARIO;

(iii)   the Monitor, in addition to its prescribed rights and obligations under the CCAA, subject to the dispensation of certain requirements as provided for by this Order, is hereby directed and empowered to perform such duties with respect to the Additional Applicants as the Monitor is required to perform with respect to the Applicant pursuant to the ARIO or by this Court from time to time;

(iv)   the Charges created by the ARIO shall constitute a charge on the Property (as defined in the ARIO) of the Additional Applicants with such priorities and protections as are provided to the Charges in the Initial Order in connection with the Applicant's Property; and

(v)   the Applicant shall be authorized and empowered, but not required, to act as the foreign representative (in such capacity, the "**Foreign Representative**") in respect of the within proceeding for the purposes of having the CCAA proceedings of the Additional Applicants recognized, enforced and approved in the United States and any other jurisdiction outside of Canada;

b)   with respect to the Additional Applicants, references in the ARIO to the date of the Initial Order shall be deemed to refer to the Effective Time; and

c)   all references to the Cash Management System shall refer to the Cash Management System as described in the November 10 Eskandari Affidavit.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRESENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS 17 DAY OF November 20 23
FAIT A TORONTO LE        JOUR DE

REGISTRAR                          GREFFIER

Electronically issued / Délivré par voie électronique : 16-Nov-2023
Toronto Superior Court of Justice / Cour supérieure de justice
**Court File No./N° du dossier du greffe :** CV-23-00706033-00CL

-4-

4.     **THIS COURT ORDERS** that upon the Effective Time the style of cause of these CCAA proceedings shall be amended as shown on Schedule "A" to this Order.

5.     **THIS COURT ORDERS** that the Monitor's obligation to publish the notice prescribed by section 23(1)(a)(i) of the CCAA with respect to the Additional Applicants is hereby dispensed with.

**EXTENSION OF STAY**

6.     **THIS COURT ORDERS** that the Stay Period is hereby extended until and including January 31, 2024.

**DISCONTINUATION OF LOYALTY PROGRAM**

7.     **THIS COURT ORDERS** that upon entry of this Order, the Loyalty Program as described in the November 10 Eskandari Affidavit shall be terminated and no further redemptions shall be honoured.

**PAYMENT OF TRANSACTION FEE**

8.     **THIS COURT ORDERS** that all obligations owing to the Financial Advisor as secured by the Transaction Fee Charge (the "**Transaction Fee Payment**") shall be split pro rata (based on the transaction purchase price) by BioSteel Canada and BioSteel Manufacturing. The Transaction Fee Payment, when made, shall be free and clear of any and all encumbrances, and shall be binding on any trustee in bankruptcy or receiver that may be appointed in respect of the Applicant or any of the Additional Applicants and shall not be void or voidable by creditors of the Applicant or any of the Additional Applicants, nor shall it constitute nor be deemed to be a fraudulent preference, a transfer at undervalue, a fraudulent conveyance or other reviewable transaction under the BIA or any other applicable federal, provincial legislation or other legislation, nor shall

Electronically issued / Délivré par voie électronique : 16-Nov-2023
Toronto Superior Court of Justice / Cour supérieure de justice   **Court File No./N° du dossier du greffe :** CV-23-00706033-00CL

-5-

it constitute oppressive or unfairly prejudicial conduct pursuant to any applicable federal, provincial or other legislation. Following payment of the Transaction Fee Payment, the Transaction Fee Charge shall be automatically released and terminated without any further action.

**SEALING OF CONFIDENTIAL APPENDIX**

9.      **THIS COURT ORDERS** that the Confidential Appendix to the Second Report shall be and is hereby sealed, kept confidential and shall not form part of the public record until the earlier of delivery of the Monitor's certificates in respect of the BioSteel Canada Transaction and the Manufacturing Transaction or further order of the Court.

**GENERAL**

10.      **THIS COURT ORDERS** that this Order shall have full force and effect in all provinces and territories in Canada.

11.      **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States, to give effect to this Order and to assist BioSteel, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to BioSteel and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order or to assist BioSteel and the Monitor and their respective agents in carrying out the terms of this Order.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVETUE DU SCEAU DE LA COUR SUPERIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS ___17___ DAY OF _November_ 20_23_
FAIT A TORONTO LE              JOUR DE

REGISTRAR                        GREFFIER

Electronically issued / Délivré par voie électronique : 16-Nov-2023
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00706033-00CL

-6-

12.    **THIS COURT ORDERS** that this Order and all of its provisions are effective as of 12:01

a.m. (Eastern Time) on the date of this Order without the need for entry or filing.

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

DATED AT TORONTO THIS
FAIT À TORONTO LE

17

November 20 23

LA PRESENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVETUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE À TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU

REGISTRAR                                    GREFFIER

Electronically issued / Délivré par voie électronique : 16-Nov-2023
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-23-00706033-00CL

**Schedule "A"**

Court File No. CV-23-00706033-00CL

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF BIOSTEEL SPORTS NUTRITION INC., BIOSTEEL MANUFACTURING LLC, AND BIOSTEEL SPORTS NUTRITION USA LLC

(the "**Applicants**")

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVETUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS ____ DAY OF _____ 20 ___
FAIT A TORONTO LE

REGISTRAR                                    GREFFIER

Electronically issued / Délivré par voie électronique : 16-Nov-2023
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-23-00706033-00CL

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF BIOSTEEL SPORTS NUTRITION INC.

Court File No. CV-23-00706033-00CL

| |
|---|
| **ONTARIO**<br>**SUPERIOR COURT OF JUSTICE**<br>**(COMMERCIAL LIST)**<br><br>PROCEEDING COMMENCED AT<br>TORONTO |
| **ORDER**<br>**(ANCILLARY RELIEF)** |
| **Cassels Brock & Blackwell LLP**<br>Suite 3200, Bay Adelaide Centre – North Tower<br>40 Temperance St.<br>Toronto, ON M5H 0B4<br><br>**Ryan Jacobs LSO#: 59510J**<br>Tel:     416.860.6465<br>rjacobs@cassels.com<br><br>**Shayne Kukulowicz LSO#: 30729S**<br>Tel:     416.860.6463<br>skukulowicz@cassels.com<br><br>**Natalie E. Levine LSO#: 64908K**<br>Tel:     416.860.6568<br>nlevine@cassels.com<br><br>**Jeremy Bornstein LSO#: 65425C**<br>Tel:     416.869.5386<br>jbornstein@cassels.com<br><br>Lawyers for BioSteel |

## **EXHIBIT B**

**Consolidated Statement Pursuant to**
**Bankruptcy Code Section 1515(c) and Bankruptcy Rule 1007(a)(4)**

**CONSOLIDATED STATEMENT PURSUANT TO**
**<u>BANKRUPTCY CODE SECTION 1515(c) AND BANKRUPTCY RULE 1007(a)(4)</u>**

***Corporate Ownership Statement (Fed. R. Bankr. P. 7007.1)***

1.      To the best of the Foreign Representative's knowledge and belief, as of the date hereof (the "<u>Subsequent Petition Date</u>"), the following corporations directly or indirectly own 10 percent or more of the equity interests in BioSteel Manufacturing LLC ("<u>BioSteel Manufacturing</u>"):

    a.      Canopy Growth Corporation owns 100% of 11065220 Canada Inc.

    b.      11065220 Canada Inc. owns 100% of EB Transaction Corp.

    c.      EB Transaction Corp. owns 100% of BioSteel Manufacturing.

2.      A simplified organizational chart is attached to BioSteel Manufacturing's form chapter 15 petition as **<u>Exhibit C</u>**.

***Persons or Bodies Authorized to Administer Foreign Proceeding of Foreign Debtor (Fed. R. Bankr. P. 1007(a)(4))***

3.      As of the Subsequent Petition Date, the Foreign Representative is authorized to administer the foreign proceeding of the Foreign Debtor.  The service address for the Foreign Debtor is 87 Wingold Avenue, Unit 1, Toronto, ON M6B 1P8.

***Pending Litigation (Fed. R. Bankr. P. 1007(a)(4))***

4.      To the best of the Foreign Representative's knowledge and belief, as of the Subsequent Petition Date, BioSteel Manufacturing is not a party to litigation in the United States at the time of filing this petition.

***Provisional Relief (Fed. R. Bankr. P. 1007(a)(4))***

5.      BioSteel Manufacturing is not seeking provisional relief against any entities at the time of filing this petition.

***Additional Foreign Proceedings (Bankruptcy Code § 1515(c))***

6.      As of the Subsequent Petition Date, BioSteel Manufacturing is not aware of any foreign proceedings involving BioSteel Manufacturing other than the Canadian proceeding (In the Matter of a Plan of Compromise or Arrangement of BioSteel Sports Nutrition Inc.) of which the Foreign Representative is seeking recognition.

**<u>EXHIBIT C</u>**

**Organizational Chart**

# Organizational Chart



## <u>EXHIBIT D</u>

**Board Resolutions**

**WRITTEN CONSENT**
**OF**
**SOLE MEMBER**
**OF**
**BIOSTEEL MANUFACTURING LLC**

October 31, 2023

EB Transaction Corp., being the sole member (the "<u>Member</u>") of BioSteel Manufacturing LLC, a Delaware limited liability company (the "<u>Company</u>"), pursuant to Section 18-302(d) of the Delaware Limited Liability Company Act and Section 3.3 of the Company's Amended and Restated Limited Liability Company Agreement, dated November 8, 2022 (as amended, the "<u>LLC Agreement</u>"), hereby consents to the following actions and adopts the following resolutions for all purposes as the resolutions of the Company. Capitalized terms used but not defined herein shall have the meanings set forth in the LLC Agreement.

**<u>Approval of Asset Purchase Agreement</u>**

**WHEREAS**, the Member has determined that it is in the best interests of the Company and the Member to enter into the Asset Purchase Agreement by and between Gregory Packaging, Inc., as Buyer, and the Company, as Seller, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Asset Purchase Agreement</u>") pursuant to which the Company will, subject to receipt of applicable court orders, sell, convey and transfer substantially all of its assets to the Buyer (the "<u>Asset Sale</u>").

**NOW THEREFORE BE IT:**

**RESOLVED**, that the Member hereby approves the entering into, execution and delivery of the Asset Purchase Agreement and the consummation of the transactions contemplated thereby;

**RESOLVED**, that the form, terms and provisions of the Asset Purchase Agreement including all exhibits and schedules attached thereto, be and hereby are approved and adopted in all respects;

**RESOLVED**, that any officer or director of the Company  (the "<u>Authorized Officers</u>" and each,  an "<u>Authorized Officer</u>") are, and each hereby is, authorized and empowered to execute and deliver the Asset Purchase Agreement in the name and on behalf of the Company, and the Authorized Officers are, and each hereby is, authorized and empowered to perform the obligations of the Company thereunder, including but not limited to the Asset Sale, with such additional changes to the Asset Purchase Agreement as the Authorized Officers executing the same shall approve, their approval thereof to be conclusively evidenced by the execution and delivery of the Asset Purchase Agreement;

**RESOLVED**, that the Authorized Officers are hereby authorized and empowered for and in the name and on behalf of the Company, to make or cause to be made, and to execute and deliver all such additional agreements, documents, instruments, certificates and other documents, and to do or cause to be done all such acts and things, and to take all such steps, and to make all

such payments and remittances, as any one or more of such Authorized Officers may at any time or from time to time deem necessary, advisable, desirable or appropriate to effectuate and carry out the full intent and purposes of the foregoing resolutions;

**Approval of CCAA Filing**

**WHEREAS**, in order to facilitate the Asset Sale and as required by the Asset Purchase Agreement, the Member has determined it is in the best interests of the Company to commence insolvency proceedings under the *Companies' Creditors Arrangement Act* ("CCAA") and ancillary proceedings under title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") to stabilize and preserve the value of the Company's assets in order to implement a sale of all or substantially all of the assets, property and undertakings of the Company;

**NOW THEREFORE BE IT RESOLVED THAT:**

**RESOLVED**, the Company be and is hereby authorized to, immediately apply to the Ontario Superior Court of Justice (Commercial List) (the "Court") for an order under the CCAA providing, among other things, for protection from its creditors, for the appointment of KSV Restructuring, Inc. ("KSV") as monitor of the assets, business, and affairs of the Company and for a stay of all proceedings and remedies taken or that might be taken in respect of the Company and its affiliates, the Monitor or the current or future directors and/or officers of the Company and its affiliates (the "CCAA Proceedings");

**RESOLVED**, that the Company be and is hereby authorized to, enter into any related proceedings, including any proceeding under the *Bankruptcy and Insolvency Act* (Canada) and chapter 15 of the Bankruptcy Code (these related proceedings and the CCAA Proceedings, collectively the "Insolvency Proceedings");

**RESOLVED**, that the Company be and is hereby authorized to, execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on its behalf) all necessary documents and carry out all actions necessary to the appointment of the Company as the foreign representative in respect of the CCAA Proceedings for purposes of having the CCAA Proceedings recognized and approved under chapter 15 of the Bankruptcy Code.

**RESOLVED**, that Cassels Brock & Blackwell LLP, Canadian counsel for the Company, and Akin Gump Strauss Hauer and Feld LLP, U.S. counsel to the Company, are hereby authorized to act as counsel to the Company in connection with the Insolvency Proceedings and to serve and file such documents as are required on the Company's behalf in connection with the Insolvency Proceedings.

**RESOLVED**, that the Company is authorized to pay the proposed Court-appointed Monitor, KSV, and its counsel, Bennett Jones, LLP, on such terms and conditions as the Court shall approve.

**RESOLVED**, that the Authorized Officers, Tom Stewart, Sarah S. Eskandari and any other persons performing services on behalf of the Company, be and are hereby authorized for and on behalf of the Company to execute, under the corporate seal or otherwise, and to deliver in the name of the Company, the documents required by the Company and contemplated in respect of the

Insolvency Proceedings, and such other documentation or information required of the Company in such form and with such alterations, amendments or deletions as may be approved by the said person and the signature of the said person on behalf of the Company shall be conclusive evidence of the approval of such alterations, amendments, additions and the documents so executed shall be the documents authorized by this resolution.

**RESOLVED**, that all acts and deeds previously performed by any of the Authorized Officers or counsel to the Company prior to the date hereof that are within the authority conferred by the foregoing resolutions be and hereby are approved, ratified and confirmed in all respects as the authorized acts and deeds of the Company;

**RESOLVED**, that this consent may be executed by facsimile or electronic signature and that such facsimile or electronic signature shall have the same effect as an original signature.

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date set forth above.

**EB TRANSACTION CORP.**

By: _____

Name: Judy Hong

Title: Chief Financial Officer

[Signature Page to Sole Member Consent]